Filed 3/19/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAUL ERNESTO RAMIREZ,<br><br>    Defendant and Appellant. | H038462<br>(Monterey County<br>Super. Ct. No. SS112181) |

    In this case, we iron out yet another wrinkle in the law relating to presentence custody credits under Penal Code section 4019.[1]  The defendant, Raul Ernesto Ramirez, pleaded no contest to multiple offenses arising out of his sexual relationship with a (then) 14-year-old student at the high school where he was employed as a vice principal.  Some of these offenses were alleged to have occurred on specific dates *prior to* October 1, 2011, and some of them were alleged to have occurred on specific dates *after* October 1, 2011.  Still other offenses were alleged to have occurred "sometime between" May or June 2011 and November 2011.  The dates of the offenses matter, for purposes of presentence conduct credits at least, because prisoners incarcerated for crimes committed "on or after October 1, 2011" are capable of earning conduct credits at twice the rate than those incarcerated for crimes committed before that date.  (§ 4019, subd. (h).)  Because Ramirez entered his plea before the preliminary hearing, there was no evidence establishing a more precise date for the offenses which were alleged to have occurred sometime during a period of months encompassing October 1, 2011.

---

    [1] Further unspecified statutory references are to the Penal Code.

At sentencing, Ramirez was awarded credits under the prior (and less generous) version of section 4019, receiving 167 days of custody credits along with only 82 days of conduct credit.

Ramirez appeals from the trial court's calculation of his presentence custody credits, arguing that because some of the offenses to which he pleaded no contest were committed after October 1, 2011, he is entitled to application of the more generous conduct credits available under the statute in effect at that time. He also argues that he is entitled to more such credits under principles of equal protection.

We agree that Ramirez is entitled to additional credits and shall affirm the judgment as modified to reflect those credits. Because we rest our opinion on the language of the statute itself, we will not address his equal protection challenge.

.  **FACTUAL AND PROCEDURAL BACKGROUND**[2]

In 2011, Ramirez, a high school vice principal, was involved in a sexual relationship with a student at the school where he worked. He was arrested for those offenses on November 17, 2011.

In an amended complaint, Ramirez was charged with: 16 counts of committing a lewd act on a child 14 years of age when the defendant is at least 10 years older than the child (§ 288, subd. (c)(1), counts 1-7, 9, 11, 13, 15, 17, 19, 21, 23 & 25); nine counts of unlawful intercourse with a minor under 16 years of age (§ 261.5, subd. (d), counts 8, 10, 12, 14, 16, 18, 20, 22 & 24); seven counts of contact with a minor to commit a sexual offense (§ 288.3, subd. (a)(1), counts 26-32); a misdemeanor count of dissuading a witness (§ 136.1, subd. (b)(1), count 33) and a misdemeanor count of destroying

---

[2] No preliminary examination was conducted in this case and the only issue on appeal is whether Ramirez was awarded the proper number of presentence credits. Consequently, the facts will be only briefly recited.

2

evidence (§ 135, count 34). The offenses were alleged to have been committed on various dates from April 10, 2011 through November 3, 2011.

Prior to the preliminary hearing, Ramirez entered into a negotiated disposition in which he pleaded no contest to counts 1, 3, 5, 7, 8, 10-16, 18, 20, 22, 24, 26, 32, and 33 in exchange for a prison sentence of no less than seven years and no more than 17 years, eight months. The remaining charges would be dismissed.

Of the 19 counts to which Ramirez pleaded no contest, seven were alleged to have been committed prior to October 1, 2011.[3] The remaining 12 counts were alleged to have been committed either on a specific date *after* October 1, 2011 or during a range of dates encompassing October 1, 2011. Specifically, counts 3, 5, 7, 18 and 20 were alleged to have occurred between May 2011 and November 2011; counts 12, 13, 14 and 15 were alleged to have occurred between June 2011 and November 2011; count 24 was alleged to have occurred on November 3, 2011; count 32 was alleged to have occurred on October 27, 2011; and count 33 was alleged to have occurred on November 3, 2011.

Before sentencing, Ramirez filed a motion for additional credits, arguing his presentence conduct credits should be calculated under the version of section 4019 in effect from October 1, 2011.

After the parties argued the motion, the trial court sentenced him to a total term of 15 years and four months in prison. The sentence consisted of an aggravated term of four years on count 8; consecutive one-year terms on counts 10, 12, 14, 16, 18, 20, 22 and 24; consecutive eight month terms on counts 1, 3, 5, and 7; and consecutive four month terms on counts 26 and 32. The court imposed concurrent two year terms on counts 11, 13 and 15, along with a concurrent 365 day term on the misdemeanor offense in count 33.

---

[3] These counts, with the alleged date of offense in parentheses, are as follows: count 1 (Apr. 10, 2011); counts 8, 10, and 11 (between Apr. 2011 & Jun. 2011); counts 16 and 22 ("summer, 2011"); and count 26 (Aug. 9, 2011).

The trial court awarded presentence credits for 167 actual days in custody, but only 82 days of conduct credit, noting that it was "calculating them [i.e., conduct credits] at 33 percent in large part pursuant to the [section] 290 registration requirement."

Ramirez was also ordered to pay victim restitution and various fines and fees, none of which are at issue in the appeal.

## II.    DISCUSSION

A criminal defendant is entitled to accrue both actual presentence custody credits under section 2900.5 and conduct credits under section 4019 for the period of incarceration prior to sentencing.  Conduct credits may be earned under section 4019 by performing additional labor (§ 4019, subd. (b)) and by an inmate's good behavior.  (*Id.*, subd. (c).)  In both instances, section 4019 credits are collectively referred to as conduct credits.  (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)  The court is charged with awarding such credits at sentencing.  (§ 2900.5, subd. (a).)

Before January 25, 2010, conduct credits under section 4019 could be accrued at the rate of two days for every four days of actual time served in presentence custody.  (Stats. 1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f)].)  Effective January 25, 2010, the Legislature amended section 4019 in an extraordinary session to address the state's ongoing fiscal crisis.  Among other things, Senate Bill No. 3X 18 amended section 4019 such that defendants, with some exceptions, could accrue custody credits at the rate of four days for every four days actually served, twice the rate as before.

Effective September 28, 2010, section 4019 was amended again to restore the presentence conduct credit calculation that had been in effect prior to the January 2010 amendments, eliminating four-for-four credits.  By its express terms, the newly created section 4019, subdivision (g), declared the September 28, 2010 amendments applicable only to inmates confined for a crime committed on or after that date.  (Stats. 2010, ch. 426, § 2.)

4

Thereafter, the Legislature amended section 4019 yet again, reinstituting four-for-four conduct credits and making this change applicable to crimes committed on or after October 1, 2011, the operative date of the amendments. (§ 4019, subds. (b), (c), & (h).) In its present form, section 4019, subdivision (h) states: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

A.    *Ramirez is entitled to additional credits under the rule of lenity*

We begin our analysis by noting, as the parties correctly point out, Ramirez's presentence confinement cannot be divided among his various offenses, with the court applying one credit rate to those committed before October 1, 2011 and a different rate to those committed after that date. His confinement must be "indivisibly attributable to all of the offenses with which [he] is charged and of which he is eventually convicted." (*In re Reeves* (2005) 35 Cal.4th 765, 775.) As a result, Ramirez was either awarded the appropriate number of conduct credits by the trial court, or he was entitled to an additional 85 days under the current version of section 4019. There is no middle ground.

As detailed above, three of the 19 counts to which Ramirez pleaded no contest were alleged to have occurred on specified dates after October 1, 2011 (counts 24, 32 & 33). Nine offenses (counts 3, 5, 7, 12, 13, 14, 15, 18, & 20) were alleged to have occurred sometime during a range of dates which encompassed October 1, 2011. Because Ramirez pleaded no contest prior to the preliminary hearing and the probation report does not include a recitation of facts supporting the individual charges, there is no evidence in the record establishing that *any* of these nine offenses took place prior to October 1, 2011.

With these circumstances in mind, we examine the language of the statute. The first sentence of section 4019, subdivision (h), is, on its face, clear and straightforward.

The changes in how conduct credits are awarded are to operate "prospectively," and the amendment applies only to defendants whose crimes were committed "on or after October 1, 2011." (§ 4019, subd. (h).) Though the statute does not expressly say so, logic dictates its prior less-generous version applies to defendants whose crimes were committed *before* October 1, 2011.

According to the statute then Ramirez is entitled to additional credits because he committed crimes "on or after October 1, 2011." (§ 4019, subd. (h).) At the same time, however, he is *not* entitled to additional credits because he committed crimes before October 1, 2011. The statute offers no guidance on how to calculate credits for someone in this position, i.e., a defendant who, in a single proceeding, is charged with and pleads to committing multiple offenses both *before* and *after* October 1, 2011.

" ' "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.' (2A Sutherland, Statutory Construction [(5th ed. 1992)] § 46.06, pp. 119-120, fns. omitted; [citations].)" (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269.) " 'A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed.' (2A Sutherland, Statutory Construction[, *supra*,] § 46.05, p. 103, fn. omitted.)" (*Id.* at p. 1268.)

As discussed above, the first sentence reflects the Legislature's intent that the enhanced conduct credit provision apply only to those defendants who committed their crimes on or after October 1, 2011. Ramirez is such a defendant. He pleaded no contest to three crimes which were alleged to have occurred on or after that date. He also

pleaded no contest to nine crimes which may have been committed on or after October 1, 2011 or which may have been committed before that date. Since there was no preliminary hearing and the probation report does not provide a detailed recitation of facts relating to each of the charged offenses, we cannot know for certain.

On the other hand, defendants who committed their crimes *before* October 1, 2011, are entitled to conduct credits under the prior, less generous version of the statute. Ramirez also qualifies as one of those defendants. He pleaded no contest to seven crimes which were alleged to have occurred prior to October 1, 2011.

Given these circumstances, how does a court determine which version of the statute applies? The Attorney General argues Ramirez committed some of his crimes before October 1, 2011 and is thus *not* entitled to more credits under section 4019. Ramirez argues he committed some of his crimes after this date and *is* so entitled. Each side relies exclusively on the language of the statute and each side's position is reasonable. Since the statute is silent on how to resolve this impasse, we turn to the rule of lenity.

The rule of lenity applies as a tie-breaking principle where " ' "two reasonable interpretations of the statute stand in relative equipoise." ' " (*People v. Soria* (2010) 48 Cal.4th 58, 65.) Where that situation exists, the court must "prefer the interpretation that is more favorable to the defendant." (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) We acknowledge the rule does not necessarily apply every time there are two or more reasonable interpretations of a penal statute. (*Ibid*.) "Rather, the rule applies ' "only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule." ' " (*Ibid*.)

In the instant case, it is not so much that the language of section 4019 is ambiguous on its face. Instead, the ambiguity arises in its application to the particular facts. Since both sides are technically correct, yet only one side can prevail, the rule of lenity directs that we favor the defendant.

*B.  Ramirez is not entitled to additional credits based on the dates of his confinement*

Though not necessary to our decision, we address and reject Ramirez's argument that he is entitled to the more generous credit calculation based on the dates he was in custody.  Ramirez contends that because all his time in custody was after October 1, 2011, he is entitled to have his conduct credits calculated at the rate in effect at that time.

It is the date of the offense which triggers application of section 4019, *not* the date of custody.  The first sentence of section 4019, subdivision (h) could not be more clear.  The statute applies prospectively and to those whose crimes were committed "on or after October 1, 2011." (§ 4019, subd. (h).)  Accepting Ramirez's argument in this regard would require us to ignore the plain language of the statute.  We acknowledge that section 4019, subdivision (h)'s second sentence, providing that "days earned . . . prior to October 1, 2011, shall be calculated at the rate required by the prior law," is somewhat confusing at first glance since no one can be in custody for a crime which he or she has not yet committed.  Though inartfully drafted, we read section 4019, subdivision (h)'s second sentence as an attempt to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law.  (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553; see also *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52 [§ 4019, subd. (h) merely reaffirms that defendants who committed their crimes before Oct. 1, 2011, can still earn conduct credits, just under the prior law].)

## III.  DISPOSITION

The judgment is modified to award Ramirez a total of 334 days of presentence credit, consisting of 167 days of custody credit and 167 days of conduct credit under Penal Code section 4019.  The trial court is directed to prepare an amended abstract of

judgment reflecting these changes and to forward a certified copy of the amended abstract to the California Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

_____
                       Premo, J.


WE CONCUR:


_____
     Rushing, P.J.


_____
     Elia, J.


People v. Ramirez
H038462

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court No. SS112181 |
| Trial Judge: | Hon. Julie R. Culver |
| Counsel for Plaintiff/Respondent:<br>The People | Kamala D. Harris<br>Attorney General<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>René A. Chacon<br>Supervising Deputy Attorney General<br><br>Juliet B. Haley<br>Deputy Attorney General |
| Counsel for Defendant/Appellant:<br>Raul Ernesto Ramirez | Under appointment by the Court of Appeal<br>Sharon Fleming |