Filed 1/30/15  P. v. Hicks CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>DENNIS LEE HICKS,<br><br>    Defendant and Appellant. | F067286<br><br>(Super. Ct. Nos. F10500189, F11902849, F11904015)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry Sanderson, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John W. Powell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Gomes, J., and Detjen, J.

Defendant Dennis Lee Hicks was convicted of various charges in three cases for offenses he committed in November 2009 and March and April 2011.[1] On appeal, he contends (1) additional presentence credits should be awarded to him based upon the amendment to Penal Code section 4019 and (2) his two convictions for transporting methamphetamine should be reversed based upon the amendment to Health & Safety Code section 11379.[2] We reverse the convictions for transporting methamphetamine and affirm in all other respects.

## DISCUSSION

### I. Penal Code Section 4019

Under California law, criminal defendants are entitled to credit against their sentence for all days spent in custody while awaiting trial or sentencing. (Pen. Code, § 2900.5, subd. (a); *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 (*Rajanayagam*).) Custody credit is calculated from the date of arrest through the time of sentencing. (*Rajanayagam, supra,* at p. 48.) Penal Code section 4019 provides for additional presentence credits based on work time and good behavior, collectively referred to as "conduct credit," and specifies the rate at which such credit can be earned. (Pen. Code, § 4019, subds. (a), (b) & (c); *People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

"In conjunction with the '2011 Realignment Legislation addressing public safety,' [Penal Code] section 4019 was amended to provide for deductions for every four days of confinement, so that if all possible days are earned, four days will now be deemed served for every two days of actual confinement." (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549 (*Ellis*), internal citations omitted). This formula applies "to prisoners who are

---

[1]     The cases are Fresno County Superior Court cases No. F10500189, No. F11902849, and No. F11904015.

[2]     All statutory references are to the Health and Safety Code unless otherwise noted.

2

confined to a county jail … for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (Pen. Code, § 4019, subd. (h).)

Defendant argues that the trial court should have calculated his presentence conduct credits under the current formula set forth in Penal Code section 4019 rather than the formula in effect at the time of his offenses.  He claims the failure to apply the current formula violates his constitutional equal protection rights.

We have rejected this argument in prior decisions, including our published opinion in *Ellis, supra,* 207 Cal.App.4th 1546.  There we concluded:  "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011.  [Citation.]  The second sentence [of Penal Code section 4019, subdivision (h)] does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits." (*Ellis, supra,* at p. 1553.)  We held that such a construction of the statute does not result in an equal protection violation.  (*Id.* at pp. 1549-1551.)  Other districts have reached the same conclusion.  (See, e.g., *People v. Ramirez* (2014) 224 Cal.App.4th 1078, 1086 [Sixth District]; *People v. Miles* (2013) 220 Cal.App.4th 432, 435-436 [Second District]; *Rajanayagam, supra,* 211 Cal.App.4th at pp. 55-56 [Fourth District]; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-399 [Sixth District].)  We decline to reconsider *Ellis.*

## II.    Section 11379

In a supplemental brief, defendant raises the issue that his convictions for transporting methamphetamine should be reversed because an amendment to section 11379 became effective January 1, 2014.  Section 11379, subdivision (a) provides:  "[E]very person who *transports* … any controlled substance … shall be punished … for a period of two, three, or four years." (Italics added.)  At the time of defendant's convictions, courts interpreted transport to include transport for personal use.

3

(*People v. Rogers* (1971) 5 Cal.3d 129, 134.)  But the amendment added this definition in subdivision (c):  "For purposes of this section, 'transports' means to transport *for sale*." (§ 11379, subd. (c), italics added.)

Defendant argues that the amended version of the statute applies to his cases because his convictions were not yet final on appeal on January 1, 2014.  He requests reversal of his convictions.  In a supplemental brief, the People concede the convictions should be reversed.

We agree that the issue of whether defendant was transporting the methamphetamine *for sale* was not tried in his cases and that the Legislature's amendment to section 11379 benefits defendant by imposing an additional element of the charged offense that was not established at trial.  Therefore, absent a savings clause, the amendment to section 11379 must be applied retroactively to defendant's cases, provided they were not final at the time the amendment took place.  (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Rossi* (1976) 18 Cal.3d 295, 298-299.)

Section 11379, as amended, does not contain any explicit savings clause prohibiting retroactive application of the amended statutory language, nor is there any other indication of "clear legislative intent" that the amended statutory language is only to be applied prospectively.  (*People v. Rossi, supra,* 18 Cal.3d at p. 299.)  And defendant's convictions were not final on January 1, 2014, the date the amendment went into effect.  (*People v. Rossi, supra,* at p. 304 [a conviction is not final until it has reached final disposition in the highest court authorized to review it].)  Therefore, defendant is entitled to the benefit of the additional element, and his convictions for transporting methamphetamine must be reversed.  The People may retry defendant under the amended statute.  (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72 & fn. 2.)

## DISPOSITION

The two convictions for transporting methamphetamine (§ 11379, subd. (a)), one in case No. F10500189 and one in case No. F11902849, are reversed.  In all other

4

respects, the judgment is affirmed.  The matter is remanded to the trial court for possible retrial.