Filed 6/15/15  P. v. Yates CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073748 |
| v. | (Super. Ct. Nos. CM035053, CM037258) |
| RODNEY JOSEPH YATES, | |
| Defendant and Appellant. | |

Defendant Rodney Joseph Yates challenges an award of presentence custody credits he received pursuant to Penal Code section 4019.[1]  He claims he should have received an additional day of conduct credit because one of the crimes for which he was sentenced was committed after October 1, 2011.  However, he concedes he could not accrue such credit following his initial sentencing.  Alternatively, he contends section 4019 violates equal protection by treating differently those who commit

---

[1]     Undesignated statutory references are to the Penal Code.

1

crimes before and after October 1, 2011.  The Attorney General argues defendant properly accrued presentence conduct credit based on his pre-October 1, 2011 crime, he is only entitled to accrue presentence conduct credit prior to his initial sentencing and following withdrawal of his plea, and section 4019 presents no equal protection violation.

We conclude defendant was properly awarded conduct credits at a rate of two days for every four days served because his initial presentence custody was attributable solely to his pre-October 1, 2011 crime.  He would have been incarcerated for that crime following recall of his sentence regardless of his post-October 1, 2011 crime. He has not established an equal protection violation.  We also strike a portion of defendant's conduct credits because they were awarded for a period in which he was in postsentence and not presentence custody.  Accordingly, we modify and affirm the judgment.

## PROCEDURAL BACKGROUND

In case No. CM035053, defendant was alleged to have left the scene of an accident and inflicted great bodily injury (Veh. Code, § 20001, subd. (a), § 12022.7, subd. (a); count 1), left the scene of an accident that resulted in permanent injury (Veh. Code, § 20001, subd. (b)(2); count 2), and assaulted a nonaccomplice with a deadly weapon, a vehicle (§ 245, subd. (a)(1); count 3).  The assault charge was added by oral amendment after the trial court recalled and set aside defendant's initial sentence as erroneous pursuant to section 1170, subdivision (d).[2]  The court subsequently permitted defendant to withdraw his no contest plea to count 1 and the great bodily injury enhancement.  On April 4, 2013, defendant pled no contest to count 3 in exchange for a dismissal of the other counts.

---

[2]     The enhancement to which defendant pled and was sentenced could "not legally join with the substantive charge that he pled to."

2

At the same time, defendant pled no contest to receiving stolen property, a vehicle, (§ 496, subd. (a)) in case No. CM037258.[3] He also admitted he committed this offense while released on his own recognizance (§ 12022.1) in case No. CM035053. The court sentenced defendant to serve the upper term of four years for the assault, a consecutive eight months (one-third the upper term) for receipt of stolen property, and an additional two years for the on-bail enhancement.

Defendant's assault with a deadly weapon charge (case No. CM35053) was alleged to have been committed on August 26, 2011. He was booked into custody the same day where he remained until August 29, 2011, when he was released on his own recognizance. A bench warrant was issued for defendant's arrest in case No. CM035053 on June 5, 2012, when he failed to appear at a court hearing. That warrant was recalled and another warrant for defendant's failure to appear was issued on June 26, 2012. He was arrested on that outstanding warrant on July 30, 2012. He was originally sentenced in case No. CM035053 on August 28, 2012, but that sentence was recalled on September 20, 2012. He remained in local custody until he was sentenced on both cases on April 4, 2013.

Defendant's receipt of stolen property charge (case No. CM037258) was alleged to have been committed on April 28, 2012. He was arrested that day, issued a citation to appear in court on June 29, 2012, and released. He was not charged in case No. CM037258 until October 16, 2012.

On resentencing, the trial court awarded defendant 379 days of credit, including 253 days of actual credit and 126 days of conduct credit pursuant to section 4019. The

---

[3] Defendant had been charged with first degree burglary (§ 459; count 1); grand theft (§ 487, subd. (a); count 2); unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3); and receipt of stolen property, a vehicle (§ 496; count 4). As to all of these counts, it was alleged defendant committed the acts while on his own recognizance in case No. CM035053.

3

basis of the calculation of credits was that "the offense [assault] was committed prior to October 1st of 2011 and involved a serious felony" and all but one day of presentence custody time was identified as relating to that offense. According to the probation report, defendant served 253 days (August 26, 2011 to August 29, 2011, and July 30, 2012 to April 4, 2013) of presentence custody for case No. CM035053 and one day (April 28, 2012) for case No. CM037258.

DISCUSSION

I

*Presentence Conduct Credits*

Defendant contends that because one of the crimes for which he was sentenced (receipt of stolen property) was committed on or after October 1, 2011, all presentence conduct credits should accrue at a rate of four days for every four days served in custody pursuant to section 4019, subdivision (h), regardless whether they were earned prior to or after October 1, 2011. The Attorney General contends all but one day of defendant's presentence custody is attributable to the crime he committed prior to October 1, 2011 (assault with a deadly weapon) and the trial court properly awarded presentence conduct credits at a rate of two days for every four days served for the entirety of defendant's presentence custody. We agree it was proper to award defendant credits at a rate of two days for every four days served. However, once defendant was initially sentenced in case No. CM035053 on August 28, 2012, he was no longer a prisoner with "presentence" status for the purpose of accruing section 4019 credits, until he withdrew his guilty plea on February 1, 2013. Therefore, we modify the judgment to strike any conduct credits defendant was awarded based on his custody from August 28, 2012, until February 1, 2013.

Section 4019, subdivision (h), provides as follows: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to

4

prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." "The changes" referred to in this subdivision include a presentence conduct credit calculation of four days for every four days served, provided the prisoner does not "refuse[] to satisfactorily perform [assigned] labor" and "satisfactorily complie[s] with the reasonable rules and regulations" of the institution. (§ 4019, subds. (b) & (c); *People v. Ramirez* (2014) 224 Cal.App.4th 1078, 1083-1084 (*Ramirez*).) The "prior law" in effect at the time defendant committed the assault with a deadly weapon permitted prisoners to earn presentence conduct credits at a rate of two days for every four days of actual time served. (*Ramirez*, at p. 1083 citing Stats. 2010, ch. 426, § 2; see Stats. 2010, ch. 426, § 2 ["Section 4019, and not [section 2933, subdivision (e)] shall apply if the prisoner . . . was committed for a serious felony, as defined in section 1192.7"]; accord *People v. Garcia* (2012) 209 Cal.App.4th 530, 537-539.)

First, we note neither party addresses the issue that defendant served 254 days of actual custody prior to his April 4, 2013 sentencing, not the 253 days the court awarded in actual custody credits. This error does not impact the calculation of conduct credits (because there are still only 63 four-day periods); however, this will require an adjustment of defendant's overall presentence credit award.

Next, contrary to defendant's assertion, defendant is entitled to only two days' conduct credit for the four days of presentence confinement served from August 26 to August 29, 2011. Section 4019, subdivision (h), clearly states that "[a]ny days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." *Ramirez, supra,* 224 Cal.App.4th 1078, cited by defendant, is inapposite. In that case, the defendant's confinement was all served *after* October 1, 2011, for crimes committed both before and after October 1, 2011. (*Id.* at pp. 1081-1082 [defendant was

5

arrested for all offenses on November 17, 2011, for crimes committed between April 10, 2011, and November 3, 2011].)  And *People v. Ramos* (1996) 50 Cal.App.4th 810, also cited by defendant, is unpersuasive in this case.  There, the court interpreted section 2933.1, which provides in pertinent part that "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue not more than 15 percent of worktime credit," and concluded the section applies to "the offender" and not "the offense."  (*Ramos, supra*, at p. 815-817.)  Section 4019 does apply to the offense.  Subdivision (h) of section 4019 specifically provides the new formula "appl[ies] to prisoners who are confined . . . for a crime committed on or after October 1, 2011."  For our inquiry, the date of the crime is both relevant and clear:  August 26, 2011.  Thus, pursuant to the explicit language of the second sentence of subdivision (h) of section 4019, conduct credits for August 26, 2011, to August 29, 2011, are to be calculated pursuant to the old formula.

We next turn to defendant's confinement from July 30, 2012, to August 27, 2012, prior to his initial sentencing in case No. CM035053, a period of 29 actual days.  Whether defendant is entitled to four days' credit for every four days served during this period depends on whether he was "confined . . . for a crime committed on or after October 1, 2011."  If he was confined for the assault with a deadly weapon, then he should earn credits at the rate applicable for crimes committed prior to October 1, 2011.  (See *People v. Rajanayagam* (2011) 211 Cal.App.4th 42, 51-52 (*Rajanayagam*) [the second sentence cannot be read "to imply any days earned by a defendant after October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous"]; see also § 2900.5, subd. (b) ["[C]redit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted"].)  Here, defendant's confinement during this period was based on a bench

6

warrant issued in case No. CM035053 (assault with a deadly weapon) after he failed to appear for a court hearing in that matter. Defendant was not charged with the post-October 1, 2011 crime of receipt of stolen property until October 16, 2012. Thus, his confinement from July 30, 2012, to August 27, 2012 is solely attributable to his pre-October 1, 2011 crime, and he was entitled to earn credits only at the applicable prior rate of two days for every four days of actual custody.

Finally, we must consider whether defendant's time in state prison and in local custody awaiting resentencing in case No. CM035053 may be considered "presentence custody" for the purpose of accumulation of section 4019 conduct credits. It is clear that from his initial sentencing until he was permitted to withdraw his plea, defendant was not entitled to earn conduct credits pursuant to section 4019. (*People v. Johnson* (2004) 32 Cal.4th 260, 268; see *People v. Donan* (2004) 117 Cal.App.4th 784, 791-792 (*Donan*).) It is also clear defendant is entitled to credit for time actually served for this entire period. (§ 1170, subd. (d).) Less clear, however, is whether defendant could accrue credits for the period from February 1, 2013 (withdrawal of plea) until April 4, 2013 (resentencing).

In both *In re Martinez* (2003) 30 Cal.4th 29 and *Donan, supra*, 117 Cal.App.4th at p. 784, there was an implicit finding the defendant was entitled to earn section 4019 conduct credits following a *reversal* of the judgment and until the defendant was resentenced. Here, however, the judgment was not reversed; it was recalled for legitimate sentencing reasons. Prior to resentencing (on February 1, 2013) defendant was permitted to withdraw his guilty plea.

To permit that withdrawal, the trial court was implicitly vacating or setting aside the prior judgment. (See *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1616-1617 [noting section 1018 motions to withdraw pleas are limited to before judgment but recognizing that "courts have long permitted defendants to move to set aside the

7

judgment as a means of allowing the defendant to withdraw the guilty plea after judgment"].) Thus, from that moment, similar to the period after reversal and prior to sentencing in *Martinez* and *Donan*, defendant was entitled to earn presentence custody credit. Because defendant would have been incarcerated during this period regardless of the post-October 1, 2011 receiving stolen property charge, he is still entitled to earn conduct credits at the pre-October 1, 2011 rate. (See *People v. Bruner* (1995) 9 Cal.4th 1178, 1191 [a defendant does not accrue section 2900.5 credit unless the conduct for which he or she was convicted was the sole reason for his or her confinement prior to sentencing].)

Accordingly, defendant is entitled to 254 days of credit for time actually served, but only 48 days of presentence conduct credit.

## II

### *Equal Protection*

Defendant also contends he is entitled to the benefit of the new formula under principles of equal protection. This contention has been roundly disavowed by multiple appellate courts that held those who commit crimes before and after October 1, 2011, are *not* similarly situated for the purpose of accruing presentence conduct credits pursuant to section 4019 (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550-1552; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-397), and that, even assuming the groups are similarly situated, the disparate treatment of those two groups survives rational basis scrutiny (*People v. Verba* (2012) 210 Cal.App.4th 991, 995-997; *Rajanayagam*, *supra*, 211 Cal.App.4th at pp. 53-56; *Kennedy*, at pp. 397-399). Nothing in defendant's argument convinces us otherwise. Accordingly, defendant has not established an equal protection violation in this case.

DISPOSITION

We modify the judgment to award defendant 254 days of actual credit pursuant to Penal Code section 2900.5, and 48 days of conduct credit pursuant to Penal Code section 4019. As modified, the judgment is affirmed. The clerk of the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


    HOCH    , J.



We concur:


    BLEASE    , Acting P. J.


    MAURO    , J.

9