Filed 6/15/21  P. v. Gonzalez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISMAEL ALEJANDRO GONZALEZ,<br><br>Defendant and Appellant. | B303455<br><br>(Los Angeles County<br>Super. Ct. No. BA469077) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James R. Dabney, Judge.  Affirmed in part and reversed and remanded.

Victoria A. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ismael Gonzalez was convicted of 11 counts of child sexual abuse involving three victims: lewd acts on a child under age 14 (Pen. Code, § 288, subd. (a);[1] counts 1, 2, 3, 14, 15, 16, 19); continuous sexual abuse (§ 288.5; count 4); lewd acts on a child age 14 or 15 (§ 288, subd. (c)(1); counts 5, 6); and oral copulation of a child age 10 or under (§ 288.7, subd. (b); count 13). For the section 288, subdivision (a) counts and the section 288.5 count, the jury found true the multiple victim circumstance in the One Strike law. (§ 667.61, subds. (b), (c).)

Gonzalez was sentenced to 120 years to life plus two years and eight months. That consisted of six consecutive One Strike terms of 15 years to life for the section 288, subdivision (a) violations (counts 1, 2, 3, 14, 15, 16); a consecutive One Strike term of 15 years to life for the violation of section 288.5 (count 4); a consecutive term of 15 years to life for the violation of section 288.7, subdivision (b) (count 13); plus consecutive determinate terms of two years and eight months respectively for the section 288, subdivision (c) violations (counts 5, 6). The court stayed the One Strike term on count 19.

Gonzalez does not challenge his convictions, so we forego reciting the horrific facts in this case. The parties agree the trial court committed three sentencing errors: (1) The court violated ex post facto principles by applying the One Strike law to the section 288.5 violation in count 4 because the offense was based entirely on acts that predated the addition of section 288.5 to the One Strike law. (2) The court failed to exercise its discretion to impose concurrent or consecutive sentences based upon a mistaken belief consecutive sentencing was mandatory. (3) The

---

[1] Undesignated statutory citations refer to the Penal Code.

court erroneously refused to grant presentence conduct credit. Respondent also points out the abstracts of judgment omitted a $300 sex offender fine orally imposed at sentencing.

We agree these errors occurred. We remand for resentencing and otherwise affirm.

### *Ex Post Facto Violation*

Gonzalez was convicted in count 4 for violating section 288.5, which prohibits continuous sexual abuse of a minor under age 14. (§ 288.5, subd. (a).) The information alleged the acts underlying this offense occurred between 2002 and 2005, and the jury specifically found in the verdict form that the acts occurred during those years. As recommended by the People, the trial court sentenced Gonzalez to 15 years to life on this count by applying the One Strike law, which lists section 288.5, subdivision (a) among the offenses subject to its provisions. (§ 667.61, subds. (b), (c)(9).)

Section 288.5 was not subject to the One Strike law until September 20, 2006, after the acts underlying this count. (Stats. 2006, ch. 337, § 33, p. 2639.) Before that time, section 288.5 was not a One Strike offense. (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1174.) "The indeterminate life sentences now prescribed by section 667.61 greatly exceed the determinate sentences of 6, 12, or 16 years previously available for violations of section 288.5. Thus, the ex post facto clause prohibits sentencing defendants under the One Strike law for section 288.5 violations committed before September 20, 2006." (*Ibid.,* fn. omitted.)

3

Thus, Gonzalez's One Strike sentence on count 4 must be vacated. On remand, the trial court should exercise its discretion to sentence him according to the determinate triad set forth in section 288.5.

*Consecutive Sentencing*

At sentencing, the People argued for consecutive sentences for all counts. Particularly, the People argued the One Strike counts *required* consecutive sentencing. Gonzalez argued for concurrent sentences, given his low risk of reoffending. The trial court imposed consecutive sentencing on 10 of 11 counts. The court explained: "I think legally based on the allegation that was found to be true, these counts are mandatory consecutive because they involve—some counts involve separate victims, other counts involve separate victims on separate occasions the way this was alleged." It is not clear what the court meant by "these counts," but the "allegation that was found true" must have referred to the only allegation in the case: the multiple-victim circumstance the jury found true for the seven One Strike counts pursuant to section 667.61, subdivision (e)(4).[2]

We interpret the court's comment as a belief that the One Strike counts required mandatory consecutive 15-years-to-life terms. That belief was mistaken.

We start with the six consecutive One Strike terms based on violations of section 288, subdivision (a) (counts 1, 2, 3, 14, 15, 16). Section 667.61, subdivision (i) requires consecutive sentences only for certain One Strike crimes, namely those

---

[2] The court stayed the sentence for the section 288, subdivision (a) violation in count 19, so it was not subject to consecutive sentencing and we do not address it further.

offenses "specified in paragraphs (1) to (7), inclusive, of subdivision (c), or in paragraphs (1) to (6), inclusive, of subdivision (n)," so long as the "crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6." (§ 667.61, subd. (i).) Section 288, subdivision (a) is *not* listed in paragraphs (1) through (7) of subdivision (c) or subdivision (n) of section 667.61. Hence, the One Strike law does not require mandatory consecutive sentencing for the section 288, subdivision (a) counts.

Even if we looked beyond the One Strike law, the conclusion is the same for these offenses. Section 667.6 lists certain sex offenses subject to mandatory consecutive sentencing if the crimes involve multiple victims or the same victim on separate occasions. Section 288, subdivision (a) is not listed. (§ 667.6, subd. (e).)

We move on to the violation of section 288.5 (count 4). Per our discussion above, it is not subject to the One Strike law. We are left with section 667.6. Section 667.6 does, in fact, list section 288.5 as an offense requiring mandatory consecutive sentencing if the crimes involved multiple victims, as the jury found here. However, section 288.5 was not added to section 667.6 until 2006, after the acts underlying this offense. (Stats. 2006, ch. 337, § 32.) For the same reasons discussed above, ex post facto principles prevent applying the mandatory consecutive sentencing provision to this count. (See *People v. Simmons* (2012) 210 Cal.App.4th 778, 797.) Hence, the consecutive/concurrent decision on this count is left to the trial court's discretion. (§ 669; see *People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479.)

" 'Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.  [Citations.]  Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.' " (*People v. Woodworth, supra,* 245 Cal.App.4th at p. 1480.)  Remand is necessary for the court to exercise its discretion to impose consecutive or concurrent terms for each of these counts.

The court also imposed consecutive sentences on the remaining counts for violations of section 288.7, subdivision (b) (count 13) and section 288, subdivision (c) (counts 5, 6).  There is no indication the court believed consecutive sentencing on these counts was mandatory.  It is not; these offenses are not One Strike offenses and are not listed in section 667.6 as requiring consecutive terms.  However, because we are vacating Gonzalez's sentence on count 4 and remanding for reconsideration of the consecutive sentencing on other counts, the court may reevaluate all of its sentencing decisions in light of the changed circumstances.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].)

*Presentence Conduct Credit*

The trial court denied Gonzalez presentence conduct credit. It did not give a reason on the record, but the People argued conduct credit was barred by section 2933.2. That is wrong; section 2933.2 only bars conduct credit for defendants convicted of murder. (§ 2933.2, subd. (a).)

On appeal, Gonzalez contends he is entitled to 15 percent conduct credit under section 2933.1. The Attorney General agrees. As discussed, Gonzalez was sentenced to seven consecutive One Strike terms (with one additional count stayed), and three consecutive terms under other statutes. Five of those offenses—counts 1, 2, 3, 4, and 5—were committed prior to September 20, 2006. Per our opinion here, count 4 is not subject to the One Strike law, so that leaves counts 1, 2, and 3 as One Strike counts that predate September 20, 2006.

That date is critical because the One Strike law previously allowed up to 15 percent of actual credit as conduct credit, but the Legislature amended section 667.61, subdivision (j) of the One Strike law effective September 20, 2006 to remove that provision. (Stats. 2006, ch. 337, § 33, p. 2639.) Cases have examined the legislative history of this change and concluded the Legislature intended to eliminate conduct credit for One Strike offenses. (*People v. Dearborne* (2019) 34 Cal.App.5th 250, 267–268; *People v. Adams* (2018) 28 Cal.App.5th 170, 181–182.)

The complication here is that this change only applies to some of Gonzalez's offenses. We measure the entitlement to presentence conduct credits by the date of the offense. (*People v. Ramirez* (2014) 224 Cal.App.4th 1078, 1086.) This leaves Gonzalez with seven offenses that qualify for 15 percent conduct credit: counts 4, 5, 6, and 13, which qualify by their own terms

7

regardless of date (§ 2933.1); and One Strike counts 1, 2, and 3, which predate the elimination of conduct credits in the One Strike law.  One Strike counts 14, 15, and 16 *postdate* the elimination of the 15 percent conduct credit in the One Strike law.

The question becomes:  which offenses control calculation of presentence conduct credits when they straddle a change in the law?  We asked the parties to brief this issue.  Gonzalez argues, and the Attorney General concedes, Gonzalez is entitled to 15 percent presentence conduct credit, notwithstanding the fact that he committed some of his One Strike offenses after the elimination of conduct credit in section 667.61, subdivision (j).

For the purpose of awarding presentence conduct credits, the trial court has an all-or-nothing choice.  Gonzalez's "presentence confinement cannot be divided among his various offenses, with the court applying one credit rate to those committed before [September 20, 2006], and a different rate to those committed after that date.  His confinement must be 'indivisibly attributable to all of the offenses with which [he] is charged and of which he is eventually convicted.'  (*In re Reeves* (2005) 35 Cal.4th 765, 775.)"  (*People v. Ramirez, supra,* 224 Cal.App.4th at p. 1084; see *People v. Nunez* (2008) 167 Cal.App.4th 761, 765 [section 2933.1 presentence conduct credit limit "applies to the offender, not the offense; thus, the 15 percent limit applies to each offense of a defendant's entire prison term if *any* of the offenses for which he is sent to prison is violent"].)

Applying the post-2006 elimination of conduct credits to Gonzalez's unitary term when some counts predated that change could raise ex post facto problems.  (See *Weaver v. Graham* (1981) 450 U.S. 24, 31–33.)  We need not decide the issue.  We accept the

8

Attorney General's concession Gonzalez is entitled to 15 percent presentence conduct credit.

On remand, the trial court must calculate and award 15 percent presentence conduct credit pursuant to section 2933.1. Days of custody credit are calculated from the date of arrest through the date of sentencing. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) While the court awarded 527 days of custody credit, the parties indicate the record does not actually reflect the date of Gonzalez's arrest. Without that, calculating conduct credit under section 2933.1 is impossible. On remand, the trial court must recalculate the correct days of custody and conduct credit.

### *Sex Offender Fine*

The trial court orally imposed a $300 sex offender fine. The fine is not reflected in the abstracts of judgment. The court must ensure the fine is reflected in the abstract of judgment issued after resentencing.

### DISPOSITION

Gonzalez's sentence is vacated. The case is remanded for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.


BIGELOW, P. J.

We Concur:



GRIMES, J.          WILEY, J.