Filed 3/29/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES FRANKLIN WOODWORTH,<br><br>    Defendant and Appellant. | F069139<br><br>(Super. Ct. No. F13910540)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Wayne R. Ellison, Judge.

Eileen S. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Atttorneys General, for Plaintiff and Respondent.

-ooOoo-

James Franklin Woodworth[1] was convicted of several counts related to the sexual assault of the victim, C. He argues the trial court committed two errors at sentencing.

---

[1] We note the reporter's transcript states that when he testified Woodworth stated his name was James Lincoln Woodworth. In all other portions of the record Woodward is identified as James Franklin Woodworth. We assume either Woodward misspoke or the court reporter erred when he testified, although the trial court should confirm his actual name on remand.

First, he contends the trial court did not recognize it had discretion to impose a concurrent sentence on the count charging him with dissuading a witness from testifying by force or threat. The dissuading a witness count was based on Woodward's threat to harm C. if she reported the assault to the police. These facts implicated Penal Code section 1170.15,[2] which provides the trial court must impose a full term sentence under specific conditions. As relevant here, this section provides that if a defendant is convicted of a felony, and he or she is also convicted of dissuading a witness from reporting or testifying about the first felony, then the trial court must impose a full term sentence for the dissuading a witness conviction instead of the normal one-third the midterm for a second felony. The trial court understood this section to require it to impose a full term consecutive sentence for the dissuading a witness felony.

Woodworth argues, and the People concede, section 1170.15 applies only if the trial court first determines it will impose consecutive sentences for the dissuading a witness felony. Since the trial court did not realize it had discretion to impose a concurrent sentence for the dissuading a witness felony, we will remand the matter for resentencing.

The second issue is whether there is sufficient evidence to support the three prior prison term enhancements alleged in the petition. Since Woodward admitted these enhancements, we will reject this argument.

FACTUAL AND PROCEDURAL SUMMARY

*The Information*

Woodworth was charged with sodomy by force (§ 286, subd. (c)(2)), sodomy of an unconscious victim (§ 286, subd. (f)), dissuading a witness by force or threat (§ 136.1, subd. (c)(1)), making a criminal threat (§ 422), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). The first count also alleged Woodworth tied or

---

[2] All statutory references are to the Penal Code unless otherwise stated.

2.

bound the victim and inflicted great bodily injury within the meaning of section 667.61, subdivisions (a), (d)(6), and (e)(5). Counts two, three, four and five alleged that in the commission of the offense Woodworth inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).) Finally, the information alleged Woodward had suffered four prior convictions and served prison terms therefor within the meaning of section 667.5, subdivision (b).

*The Evidence*

Resolution of the issues in this appeal does not require a detailed recitation of the facts. C. testified that on the night in question she was walking the streets in Fresno offering her services as a prostitute to interested customers. She ran into Woodworth who stated he was interested in her services. The two reached an agreement and proceeded to a motel room rented by Woodworth. As C. entered the room, Woodworth put his arm around her neck and began choking her until she lost consciousness. When she regained consciousness, Woodworth pushed her head into a pillow and told her if she screamed he would kill her. C. was naked and Woodworth was engaging in anal intercourse with her. Her elastic tube top was wrapped around her wrists. After performing other sex acts, Woodworth began choking C. again. She pretended to lose consciousness. Woodworth went into the bathroom, and C. gathered her things and ran out of the room. With help from bystanders, C. was able to call the police and report the incident.

The prosecution introduced evidence of an incident from 2010 where the victim, M., testified she was raped by Woodworth in a manner similar to C. M. testified she met Woodworth approximately five days prior to the rape when a mutual friend brought him to the house so they all could ingest methamphetamine. A day or two later Woodworth appeared near M.'s house and asked her if she wanted to ingest more methamphetamine. She said yes and the two went to an abandoned house. Once inside Woodworth choked her into unconsciousness. When M. regained consciousness, she was naked and

3.

Woodworth was having vaginal intercourse with her. M. also felt soreness on her body, presumably from being struck by Woodworth numerous times. Woodworth was arrested for the crime, and accepted a plea bargain in which he pled to assault and received a three-year prison term.

The defense presented evidence that in 2009 C. reported she had been kidnapped, held for a period of days, and repeatedly raped. The investigating officers were skeptical of the report, and no arrest was ever made.

Woodworth testified in his defense. He testified that he and M. had several consensual sexual encounters, including "rough sex." Woodworth testified that he was released from prison on the day he met C. He made his way to Fresno and was looking for a motel when he encountered C. The two negotiated a price of $25 for C.'s services. Woodworth rented a motel room and the two engaged in a consensual sexual encounter. He denied choking C. After C. left the room, Woodworth took a shower. He also admitted he was convicted of assault by means likely to cause great bodily injury as a result of the incident with M.

*Verdict and Sentencing*

Closing arguments focused on the credibility of C. and Woodworth. The jury found Woodworth guilty of each of the charged crimes, and found the enhancements submitted to it to be true. The trial court had ruled there was insufficient evidence to support the great bodily injury enhancements on the witness intimidation and criminal threats counts, so those enhancements were not submitted to the jury.

The trial court sentenced Woodworth to a term of 25 years to life for the forcible sodomy count, and a consecutive three-year term for the witness intimidation count. The sentences on the remaining counts were imposed consecutively or stayed pursuant to section 654.

DISCUSSION

4.

Woodworth argues the trial court committed two errors when it sentenced him. First, he argues the trial court failed to recognize that it had discretion to impose a concurrent sentence for count three. The trial court explained that its understanding of section 1170.15 required imposition of a full consecutive sentence in this case. Defense counsel agreed, and the trial court sentenced Woodworth accordingly.

Appellate counsel argues section 1170.15 does not require imposition of a full consecutive sentence, but instead gives the trial court discretion in deciding whether to impose a consecutive or concurrent term, and if the trial court decides to impose a consecutive term then the imposition of a full term is required, and not one-third the midterm as would otherwise be required by section 1170.1, subdivision (a).

Section 1170 provides the basic framework for California's determinate sentencing law. Section 1170.1, subdivision (a) explains that if a defendant is to be sentenced for more than one felony, the total term of imprisonment is the aggregate term for all the convictions. The aggregate term is determined by imposition of a full sentence on the felony with the greatest term of imprisonment including enhancements (the principal term), and then adding a one-third the midterm sentence for each felony for which a consecutive sentence is imposed including one-third the term for any enhancements applicable to those felonies (the subordinate term(s)).

Section 1170.15 is an exception to the rule set forth in section 1170.1, subdivision (a).[3] As pertinent to our discussion, this section provides that when a defendant is

---

[3]     As applicable, this section states:

"Notwithstanding subdivision (a) of Section 1170.1 which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was about to give material information pertaining to, the first felony . . . the subordinate term for each consecutive

5.

convicted of a felony, and also convicted of a second felony for a violation of section 136.1 (dissuading a witness) involving a witness to the first felony, "the subordinate term for each consecutive offense" of dissuading a witness must be the full middle term for the dissuading a witness count plus any enhancements applicable to that count.

The trial court understood this section as requiring it to impose a consecutive sentence. Woodworth argues the phrase "the subordinate term for each consecutive offense" implies the trial court retains discretion to determine if it will impose a concurrent or consecutive sentence. According to Woodward, section 1170.15 requires imposition of a full middle term only if the trial court first concludes it will impose consecutive sentences on both felonies. The Attorney General reaches the same conclusion.

No published case has addressed this precise issue. In fact, only two published cases have addressed section 1170.15, and neither case is pertinent to this issue. We agree with the parties that the plain language of section 1170.15 does not mandate consecutive sentences. In some circumstances, the Legislature has mandated that sentences or enhancements be imposed consecutively with clear language. For example, section 667.61, subdivision (i) provides that the trial court "shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions . . . ." On the other hand, section 1170.15 provides the "subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed . . . ." This language requires the trial court to impose the full middle term of

offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed, and shall include the full term prescribed for any enhancements imposed for being armed with or using a dangerous or deadly weapon or a firearm, or for inflicting great bodily injury."

6.

imprisonment only if a consecutive sentence is imposed. The section does not require the trial court to impose a consecutive sentence, but instead indicates that if the trial court chooses consecutive sentencing it must impose a full term sentence for the witness dissuasion count.

Our conclusion is consistent with applicable statutes and precedents which provide the trial court with discretion to choose between concurrent and consecutive sentences. (§ 669; *People v. Bradford* (1976) 17 Cal.3d 8, 20.) "Absent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions." (*People v. Rodriguez* (2005) 130 Cal.App.4th 1247, 1262.) Section 1170.15 does not contain an express provision depriving the trial court of the discretion afforded to it in section 669, such as the one found in section 667.61, subdivision (i).

Error occurred because the trial court did not realize it had discretion to impose a concurrent sentence. "Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

The Attorney General urges us to conclude the error was harmless because the record establishes remand would be an idle act since the trial court would impose the same sentence even if it exercised its discretion. (See, e.g., *People v. Coelho* (2001) 89 Cal.App.4th 861, 889-890.) On this record we are not willing to reach this conclusion and will remand the matter to the trial court for resentencing so it can exercise its sentencing discretion.

The second error urged by Woodward is an alleged failure to make a finding on the prior convictions alleged in the information. As we read Woodward's brief, he contends the trial court failed to address the issue at all. We read the record differently.

First, we note at the sentencing hearing the trial court dismissed the prior conviction allegations in the interests of justice pursuant to the authority granted in section 1385. Since the priors were struck, we would normally find the issue moot. However, since we are remanding the matter for resentencing, the trial court will need to once again address the issue. Therefore, we would point out there is sufficient evidence to impose the three prison priors because Woodward admitted each of them. The trial court advised Woodward of his right to a trial on the priors, and Woodward waived that right and admitted suffering convictions in 2004, 2008, and 2010 that each resulted in a separate prison term. The trial court accepted these admissions. Therefore, if on remand the trial court should determine imposition of sentence on these priors is necessary, it may reconsider its decision to dismiss them in the interests of justice.

## DISPOSITION

The sentence is vacated and the matter remanded for resentencing.

_____
GOMES, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
DETJEN, J.

8.