Filed 12/15/21  P. v. Brummett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C092526 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F0717) |
| v. | |
| ROBERT EARL BRUMMETT, | |
| Defendant and Appellant. | |

Defendant Robert Earl Brummett appeals from his conviction for 21 offenses related to domestic violence, including criminal threats (Pen. Code, § 422; count 7),[1] dissuading a witness by force or threat from reporting (§ 136.1, subd. (c)(1); count 8), and preventing or dissuading a witness or victim from testifying (*id.*, subd. (a)(1); counts 22 and 23).  The trial court sentenced defendant to an aggregate term of 36 years in

---

[1]  Further undesignated statutory references are to the Penal Code.

1

prison, including an eight-month term on count 7 and what the court believed to be mandatory consecutive full terms of three years on count 8 and two years on each of counts 22 and 23.  The court also issued a protective order prohibiting defendant from contacting the victim except for matters involving their child, but it did not specify the order's duration.

On appeal, defendant claims we must remand because the trial court failed to exercise informed discretion when sentencing on counts 8, 22, and 23 because consecutive sentences were not mandatory, the sentence for count 7 must be stayed pursuant to section 654, we must remand to allow the court to determine the duration of the protective order, and the abstract of judgment must be corrected to reflect the imposed sentence.  The Attorney General properly concedes each of defendant's arguments.

## FACTS AND PROCEEDINGS

In light of the limited issues raised by this appeal, we recount only the facts related to counts 7 and 8.  Defendant went to the victim's residence, where he argued with her, hit the side of her face with his hand, grabbed her by the arm, pulled her to the ground, and straddled her.  He then pressed the muzzle of a loaded handgun tight and hard to her hairline.  He held the gun on her as he hit the side of her face.  This continued for about two hours during which he hit her at least 20 times.

Defendant told the victim more than once, but less than five times:  "If you go to the cops, I will kill you.  They can't hold me forever."  She was afraid, thought he was serious, and believed he could kill her.  As a result, she did not report the incident to the police.

A jury found defendant guilty of corporal injury with a prior corporal injury conviction (§ 273.5, subds. (a), (f); counts 1, 4, 10, 11, and 17), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); counts 2 and 12), battery causing serious bodily injury (§ 243, subd. (d); count 3), assault with a semi-automatic firearm (§ 245,

2

subd. (b); count 5), false imprisonment by violence (§ 236; counts 6, 13, and 19), criminal threats (§ 422; counts 7 and 15), dissuading a victim from reporting by force or threat (§ 136.1, subd. (c)(1); count 8), possession of firearm by a felon (§ 29800, subd. (a)(1); counts 9 and 20), assault with a firearm (§ 245, subd. (a)(2); count 14); stalking with a prior corporal injury conviction (§ 646.9, subd. (c)(1); count 21), and dissuading a victim from testifying (§ 136.1, subd. (a)(1); counts 22 and 23). The jury also found true the enhancement allegations as to counts 1 and 2 that defendant personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)), as to counts 5 through 8 that he used a semi-automatic pistol (§ 12022.5, subd. (a)), and as to counts 14 and 15 that he used a revolver (§ 12022.5, subd. (a)). As relevant to the issues on appeal, the trial court sentenced defendant as we recounted *ante*.

Defendant timely filed notices of appeal. The case was fully briefed in August 2021, and assigned to this panel on September 30, 2021.

## DISCUSSION

### I

### *Informed Discretion*

Defendant contends the trial court failed to exercise informed discretion when it sentenced him on the dissuading a witness or victim counts (§ 136.1, subd. (c)(1); counts 8, 22, and 23), requiring remand. The Attorney General agrees, and we agree with the parties.

At sentencing, the trial court stated its belief that it was required to sentence count 8 as a consecutive full midterm sentence, and it imposed a three-year midterm sentence. The court then stated that it was required to impose full consecutive midterm sentences on counts 22 and 23 under section 1170.15.

Generally, at sentencing, the trial court "shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." (§ 669, subd. (a).) Where the court imposes consecutive sentences,

3

"[t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." (§ 1170.1, subd. (a).)  But when a defendant is convicted of felony dissuading and another felony, " 'the subordinate term for each consecutive offense' of dissuading a witness must be the full middle term for the dissuading a witness count plus any enhancements applicable to that count." (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479, § 1170.15.)  However, *Woodworth* held that "the plain language of section 1170.15 does not mandate consecutive sentences." (*Woodworth*, at p. 1479.)  Rather, section 1170.15 "indicates that if the trial court *chooses* consecutive sentencing it must impose a full-term sentence for the witness dissuasion count." (*Ibid*., italics added.)

" 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal.  [Citations.]' [Citation.]  Where . . . a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination." (*People v. Downey* (2000) 82 Cal.App.4th 899, 912; accord *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228  ["Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion"].)

Defendant acknowledges that trial counsel did not object to the trial court's misstatement of the law.  In *People v. Leon* (2016) 243 Cal.App.4th 1003, at page 1023, the court observed that the error at issue here "may fall within a narrow class of sentencing issues that are reviewable in the absence of a timely objection," and decided that "[i]n any event, we would exercise our discretion to resolve the claim in the interests

4

of fairness and judicial economy." We do the same here, and we agree with the parties that remand is required.**2**

Because we are remanding for resentencing as to counts 8, 22, and 23--and, as we explain *post*, imposition and stay of the sentence on count 7 pursuant to section 654--we will vacate the entire sentence in this case and remand for a full resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]; *People v. Burns* (1984) 158 Cal.App.3d 1178 [where staying a consecutive sentence results in "direct and calculable" decrease in the sentence, remand for resentencing should be ordered to allow the trial court to reconsider its entire sentencing scheme]; § 1260 [appellate court may reverse, affirm, or modify a judgment or may remand the cause for further proceedings "as may be just under the circumstances"].)

II

*Section 654*

Defendant contends the sentence related to his conviction for making criminal threats (§ 422; count 7) must be stayed pursuant to section 654. The Attorney General correctly concedes the issue.

Section 654, subdivision (a) provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Therefore, a single criminal act may result in only one punishment, even if the defendant harbored multiple objectives incidental to each other. (*People v. Louie* (2012) 203 Cal.App.4th

---

**2** Because we conclude defendant's claim is cognizable on appeal, we do not address his claim that trial counsel was constitutionally ineffective for failing to object.

388, 397.) "Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

At trial, the prosecutor argued that defendant's statement, "[i]f you go to the cops, I will kill you. They can't hold me forever," provided the basis for the criminal threats charge and dissuading a witness as charged in count 8. Defendant's single act--a threat intended to dissuade the victim from reporting the incident to the police--provided the basis for counts 7 and 8. Because the threat was a single criminal act, he could not be subject to multiple punishments. Accordingly, we remand the matter to the trial court with directions to select, impose, and stay a full term sentence as to count 7.

## III

### *Protective Order*

Defendant contends that we must remand the matter to the trial court to determine the duration of the protective order; the Attorney General agrees.

When sentencing on crimes involving domestic violence or stalking, the trial court may issue an order restraining the defendant from having contact with the victim "for up to 10 years." (§§ 136.2, subd. (i)(1); 646.9, subd. (k)(1).) Court orders of unlimited duration are not permitted. (See *People v. Robertson* (2012) 208 Cal.App.4th 965, 996; §§ 136.2, subd. (i)(1), 646.9, subd. (k)(1).)

The trial court imposed a protective order in this case but did not set a duration for the order. We agree with the parties that this was error. While defendant failed to object to the order, his failure to do so does not bar his challenge on appeal. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382.) Accordingly, we direct the court to specify the length of the protective order on remand.

IV

*Abstract of Judgment*

Defendant and the Attorney General agree that the abstract of judgment must be corrected to reflect the sentence imposed by the trial court; the parties also agree that the abstract of judgment contains multiple errors. Because we are remanding the matter for a full resentencing, preparation of a new abstract of judgment will be required, and we need not address defendant's claims in detail.

However, given the many significant errors contained in the original abstract and identified by the parties on appeal, we direct the trial court upon resentencing to carefully ensure that the abstract of judgment accurately reflects the new sentence.

**DISPOSITION**

The sentence is vacated and the matter is remanded for full resentencing in a manner consistent with this opinion, including the trial court's consideration of its discretion with respect to counts 8, 22, and 23, and selection, imposition, and stay of sentence on count 7. The trial court is further directed to specify the duration of the protective order and to prepare a new abstract of judgment that correctly reflects all components of the new sentence, with transmission of a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


    /s/
Duarte, J.


We concur:


    /s/
Raye, P. J.


    /s/
Hoch, J.


7