Filed 2/28/24  P. v. Carbajal CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> HENRY ZAZUETA CARBAJAL, JR., <br><br> Defendant and Appellant. | F085342 <br><br> (Super. Ct. No. F17903994) <br><br> **OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of  County.  F. Brian Alvarez, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Henry Zazueta Carbajal, Jr. was convicted of numerous crimes, including multiple counts of dissuading a witness and, on resentencing, was sentenced to

---

\*       Before Franson, Acting P. J., Smith, J. and Snauffer, J.

33 years. On appeal, he contends the case must again be remanded for resentencing because the trial court did not understand its discretion to sentence the dissuading counts concurrently. We disagree. We amend the sentencing minute order and abstract of judgment to reflect the trial court's oral pronouncement at sentencing, but otherwise affirm.

## STATEMENT OF THE CASE[1]

Carbajal was convicted in January of 2020 of two counts of inflicting corporal injury (counts 1 & 2; Pen. Code, § 273.5, subd. (a))[2]; one count of making a criminal threat (count 3; § 422); one count of felony false imprisonment (count 4; § 236); and five counts of attempting to dissuade a witness (counts 6-10; § 136.1, subd. (b)(2)). The jury found true deadly weapon allegations as to counts 2 and 3 (§ 12022, subd. (b)(1)), and, in a bifurcated proceeding, Carbajal admitted two prior strike offenses (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a prior serious felony allegation (§ 667, subd. (a)).

At sentencing, the trial court dismissed one of the strike offenses under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and sentenced Carbajal to a total of 34 years in prison.

On appeal, this court remanded for retroactive application of Assembly Bill No. 518, which amended section 654 to permit an act or omission punishable under two or more provisions of law to be punished under either provision, rather than the previous requirement that it be punished under the provision requiring the longest possible term of punishment.

At the resentencing hearing, the trial court sentenced Carbajal to 33 years as follows: eight years on count 2 (upper term doubled); four years consecutive each for

---

[1]    The statement of the case and statement of the facts are taken primarily from our unpublished opinion *People v. Carbajal* (June 16, 2022, F081200). We take judicial notice of the record and our opinion in that case.

[2]    All further statutory references are to the Penal Code unless otherwise stated.

counts 6 through 10 (midterm doubled); and an additional five years for the prior serious felony enhancement. The sentence for counts 1, 3 , and 4 were stayed under section 654 and the section 12022, subdivision (b)(1) enhancements on counts 2, 3, and 4 were stricken. Various fees and fines were imposed.

**STATEMENT OF THE FACTS**

As summarized in this court's June 16, 2022, opinion, the facts are as follows:

> "On July 10, 2017, Carbajal battered his girlfriend, R.V., held her at knife point in her own house, hit her repeatedly, threatened to cut out her eyes and chop her up, and threatened to kill her family. As she fled, he urged her not to call law enforcement. After Carbajal was incarcerated, he contacted R.V. by telephone and letter numerous times, urging her not to talk to anyone outside of his own attorney, stating things like 'if there's no victim there's no crime' and later telling her he would only get out if she testified 'nothing happened.'"

**DISCUSSION**

I.  CONSECUTIVE VERSUS CONCURRENT SENTENCES

Carbajal argues on appeal that the matter must again be remanded for resentencing because the trial court did not understand its discretion to impose concurrent sentences for one or more of the five counts of dissuading a witness. We agree with respondent that no error occurred.

*Background*

The probation report states that, under section 1170.15, the terms in counts 6, 7, 8, 9, and 10 (attempts to dissuade a witness counts) were "mandated to be imposed consecutively." A handwritten note underneath states, "but see Woodworth (2016) 245 Cal.App.4th 1473 PC 667(c)(6)/1170.15 requires consec. terms[.]"

At the March 4, 2020, sentencing hearing, the trial court addressed consecutive sentences as follows:

> "Probation takes the position that the offenses for witness dissuasion should be imposed consecutive pursuant to 1170.15. That's not necessarily true.

3.

There's some case[s] from our own DCA that gives the Court an option to impose terms, but not necessarily consecutive terms. This case is People versus Woodworth, 245 Cal [App] 4th, 1473. In fact, Woodworth was a case out of Fresno County Superior Court. I would note, though, that because Mr. Carbajal is subject to a second strike pursuant to Penal Code Section 667(c)(6), that the Court necessarily would have to impose consecutive terms, although not for the reason that's been subjected by the Probation Department."

At the resentencing hearing on November 17, 2022, the trial court stated that it was proceeding under "the full resentencing rule[.]" Defense counsel noted Carbajal's age and that he would be serving over 20 years, and asked the court to consider that "as well" with section 654. Counsel noted the trial court's discretion not to use the maximum aggravated term and the discretion to use the midterm and then submitted.

The prosecutor argued that the reason Carbajal received the sentence that he did was the "result of his continuous behavior in the form of dissuading of the victim and the accumulation of multiple charges."

The trial court, in resentencing Carbajal, again struck one of his prior strike convictions, and stated that the issue was now application of the new laws pursuant to Assembly Bill No. 518[3]; section 1170, subdivision (b); and section 1385. The court again selected count 2 as the base term with an upper term of eight years. It considered counts 1, 3 and 4, which were subject to section 654, and imposed the upper term for those, stayed.

Regarding consecutive sentencing, the court stated:

"The Court also is mindful of 1170.15 mandates imposition of consecutive terms. And this is for counts pertaining to the dissuading of [the victim]. These are Counts Six, Seven, Eight, Nine and 10. The court also cites People v. Wood[worth], which was cited by the – at the earlier sentencing

---

**3**     Assembly Bill No. 518 amended section 654 by removing the requirement that courts impose sentence using the provision of law with the longest potential prison term, thereby affording courts discretion to impose punishment under any of the applicable provisions. (See Stats. 2021, ch. 441, § 1; amended § 654, subd. (a), eff. Jan. 1, 2022.)

hearing, 245 Cal.App.4th 1473 that notes I think in conjunction with Penal Code Section 667(c)(6) and 1170.15 that there is the imposition of a mandatory imposition of consecutive terms for the violations of Penal Code Section 136.1(b)(2)."

Carbajal's contention on appeal is that the trial court erred in imposing consecutive terms on the five counts of dissuading a witness (counts 6, 7, 8, 9, & 10), as the court was under the erroneous impression that section 1170.15 mandated the imposition of consecutive terms when it had discretion to impose concurrent terms for one or more of the five terms. Respondent contends section 1170.15 is not applicable here as consecutive sentences were mandatory under sections 667, subdivision (c)(6) and 1170.12. We agree with respondent.

*Applicable Law and Analysis*

Generally, at sentencing, the trial court "shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." (§ 669, subd. (a).) Where the court imposes consecutive sentences, "[t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." (§ 1170.1, subd. (a).) But when a defendant is convicted of felony dissuading and another felony, " 'the subordinate term for each consecutive offense' of dissuading a witness must be the full middle term for the dissuading a witness count plus any enhancements applicable to that count." (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479; § 1170.15.) However, *Woodworth,* held that "the plain language of section 1170.15 does not mandate consecutive sentences." (*Woodworth*, at p. 1479.) Rather, section 1170.15 "indicates that if the trial court *chooses* consecutive sentencing it must impose a full-term sentence for the witness dissuasion count." (*Ibid.*, italics added.) Section 1170.15 thus requires the court to impose middle terms if it decides that consecutive sentences are appropriate for violations of section 136.1. (*Id.* at p. 1479.)

5.

Here, the trial court stated that it was not section 1170.15 but section 667, subdivision (c)(6) that required mandatory imposition of consecutive terms for the violations of section 136.1, subdivision (b)(2).

" 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal. [Citations.]' [Citation.] Where ... a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination." (*People v. Downey* (2000) 82 Cal.App.4th 899, 912; accord *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228 ["Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion"].)

While we agree with Carbajal that section 1170.15 did not mandate the court to impose consecutive sentences for counts 6 through 10, we agree with respondent's argument that consecutive sentences were in fact mandatory, albeit pursuant to a different provision than 1170.15. In support of their argument, respondent contends that the trial court was mandated to sentence defendant consecutively under section 667, subdivision (c)(6), which was also cited by the trial court. We agree.

As our Supreme Court explained in *People v. Henderson* (2022) 14 Cal.5th 34 (*Henderson*), "[w]hen the Three Strikes scheme applies, sentences for current qualifying offenses must be ordered to run consecutively to each other if the current offenses occur on separate occasions and do not arise from the same set of operative

6.

facts.  (See §§ 667, subd. (c)(6); 1170.12, subd. (a)(6).)[**4**]  *People v. Lawrence* (2000) 24 Cal.4th 219 [(*Lawrence*)] explained that, for section 667, subdivision (c)(6) purposes, felonies are committed 'on the same occasion' if they were committed within 'close temporal and spatial proximity' of one another.  (*Lawrence,* at p. 233.)  Offenses arise ' "from the same set of operative facts"' when they 'shar[e] common acts or criminal conduct that serves to establish the elements of the current felony offenses of which defendant stands convicted.' (*Ibid.*)"  (*Henderson, supra,* 14 Cal.5th at p. 45.)

In the situation "where a sentencing court determines that two or more current felony convictions were either 'committed on the same occasion' or 'aris[e] from the same set of operative facts' ... consecutive sentencing is not required under the three strikes law, but is permissible in the trial court's sound discretion."  (*Lawrence, supra,* 24 Cal.4th at p. 233; *Deloza, supra,* 18 Cal.4th at pp. 590–591.)

Here, the dissuading counts were not committed on the same occasion, as the first amended information alleged different dates for each dissuading offense.  While the dissuading counts were alleged to have occurred against the same "victim and witness," count 6 was alleged to have occurred on July 18, 2017; count 7 on July 19, 2017; count 8 on September 12, 2017; count 9 on September 21, 2017; and count 10 on September 22, 2017.

Nor is there any indication the offenses arose from the same set of operative facts.  Count 6 involved a jail call in which Carbajal tried to convince the victim that it was

---

**4**     Section 667, subdivision (c)(6) provides: "(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] ... [¶] (6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)." The corresponding subdivision in section 1170.12, subdivision (a)(6) is virtually identical.  (See *People v. Deloza* (1998) 18 Cal.4th 585, 588, fn. 3 (*Deloza*).)

totally up to her whether he is convicted of the alleged abuse. Count 7, which occurred the following day, is also a jail call, in which Carbajal advised the victim not to speak when she is in court. Count 8 involved a jail call which occurred two months later. In it, Carbajal pleads for the victim to talk only to Carbajal's lawyer and not to the district attorney, and certainly not to testify because, as stated by Carbajal, "No victim, there's no crime." This call is also followed up with a letter to the victim that same day reinforcing the same request. Count 9 relates to a letter Carbajal wrote to the victim a week later telling the victim the district attorney and the victim's advocate have been feeding her lies and again telling her not to talk to anyone, as no one cares about her but Carbajal. Count 10 involved a letter sent two weeks later in which Carbajal tells the victim that he's "screwed unless [the victim] testif[ies] that nothing happened." So Carbajal tells the victim she needs to get "on the stand and lie," but not to even tell his lawyer that she is lying.

Carbajal argues that the same set of operative facts for the five counts of dissuading a witness consist of a single objective of attempting to dissuade the victim from cooperating with and assisting the prosecution, and therefore the trial court had the discretion to sentence them concurrently. However, as the California Supreme Court has explained, " 'A person who commits separate, factually distinct, crimes, even with only one ultimate intent and objective, is more culpable than the person who commits only one crime in pursuit of the same intent and objective.' " (*People v. Correa* (2012) 54 Cal.4th 331, 341.) Applying this reasoning here, we find a person who makes phone calls from jail and writes letters on various different days over the course of several months to a crime victim, even with only one ultimate intent and objective to dissuade the victim from assisting in his prosecution, is more culpable than a person who makes only one phone call in pursuit of the same goal.

Accordingly, the trial court was required to sentence the counts consecutively, and we reject Carbajal's claims to the contrary.

II.     CORRECTIONS TO THE MINUTE ORDER AND ABSTRACT OF JUDGMENT

At resentencing, the trial court struck "the enhancement pursuant to Penal Code Section 12022(b)(1) as to all offenses." However, the sentencing minute order and the determinate abstract of judgment state the section 12022, subdivision (b)(1) enhancements as to counts 3 and 4 were stayed under section 654. Both parties agree the minute order and abstract of judgment incorrectly reflect the oral pronouncement of the trial court. Accordingly, the sentencing minute order and the determinate abstract of judgment shall be corrected to comport with the oral pronouncement of judgment. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [oral pronouncement generally controls where there is a discrepancy with the minute order or abstract of judgment]; see also *People v. Contreras* (2015) 237 Cal.App.4th 868, 880.)

## DISPOSITION

The judgment is affirmed. The superior court is directed to prepare an amended sentencing minute order and an amended abstract of judgment to reflect the section 12022, subdivision (b)(1) enhancements as stricken and to forward a certified copy of the amended abstract of judgment to the Department of Correction and Rehabilitation.