Filed 1/28/25  P. v. Barragan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>FERNANDO ABARCA BARRAGAN,<br><br>     Defendant and Appellant. | F086945<br><br>(Super. Ct. No. VCF350923)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Fernando Abarca Barragan was convicted by a jury of 23 counts under Penal Code section 288. On appeal, he challenges the consecutive sentences imposed by the trial court on 15 of those counts. Specifically, he argues reversal is necessary because the court was unaware it had the discretion to sentence him *either* consecutively or concurrently as to these counts. We detect no error and affirm.

## PROCEDURAL BACKGROUND

Fernando Abarca Barragan was charged, by a second amended information (information) filed in the Tulare County Superior Court, with 22 counts of lewd act upon a child under the age of 14 (Pen. Code,[1] § 288, subd. (a); counts 1-20, 22, 23) and one count of lewd act upon a child aged 14 or 15, where defendant was at least 10 years older than the child (§ 288, subd. (c)(1); count 21).[2] The information alleged an aggravated circumstance, i.e., multiple victims, as to counts 1-20 and 22-23. (§ 667.61, subds. (b), (e).) The information alleged, as to counts 1-6 and 9-14, that the child victim was under the age of 14 and defendant had substantial sexual contact with the child. (§ 1203.066, subd. (a)(8).) The information included a "statute of limitations" special allegation as to counts 1-21 and count 23. (§ 801.1, subd. (a).)

A jury found Barragan guilty as charged. The jury also found true all the special allegations attached to the charges. The trial court sentenced Barragan to the determinate low term of one year on count 21; indeterminate, consecutive terms of 15 years to life on each of counts 1-3, 7, 9-11, 15-20, and 22-23; and indeterminate, concurrent terms of 15

---

[1] Undesignated statutory references are to the Penal Code.

[2] Counts 1 through 6 encompassed acts committed against M.C.L.; counts 7-8 encompassed acts committed against J.L.; counts 9-20 encompassed acts committed against M.G.L.; count 21 encompassed acts committed against M.G.L.; count 22 encompassed acts committed against N.F.; count 23 encompassed acts committed against A.M.

years to life on each of counts 4-6, 8, and 12-14. Barragan was sentenced to a total term of one year plus 225 years to life.

We need not recite the facts underlying Barragan's convictions as the argument section of Barragan's brief does not address or discuss the evidence adduced at trial. (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

## DISCUSSION

### I. Barragan Has Not Shown The Trial Court Abused Its Discretion in Sentencing Him

Barragan raises one claim on appeal. He contends the trial court abused its discretion in sentencing him to consecutive terms on counts 1-3, 7, 9-11, 15-20, and 22-23. He argues the trial court was unaware it had the discretion to impose concurrent or consecutive sentences and that therefore the consecutive sentences imposed on these counts should be reversed. We disagree and affirm.

#### A. Applicable Law

"Absent evidence to the contrary, [appellate courts] presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042 (*Ramirez*); see *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 (*Stowell*); *People v. Martinez* (2017) 10 Cal.App.5th 686, 728 (*Martinez*).) Moreover, appellate courts "presume that a judgment or order of the trial court is correct," and " ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666; see *Martinez* at p. 728.) "Thus, where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*Stowell* at p. 1114; see *In re Julian R.* (2009) 47 Cal.4th 487, 499.)

"It is well established that a trial court has discretion to determine whether several sentences are to run concurrently or consecutively." (*People v. Bradford* (1976) 17

Cal.3d 8, 20 (*Bradford*); see § 669, subd. (a).) Accordingly, a trial court's decision whether to impose concurrent or consecutive sentences is reviewed under an abuse of discretion standard. (*Bradford* at p. 20.) Abuse of discretion will only be found in limited circumstances, such as where a trial court is unaware of its discretion, considers impermissible factors in the exercise of its discretion, or renders a decision "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377-378.)

### B. The Parties' Arguments

Barragan notes: "The court sentenced appellant consecutively on counts 1 through 3, 7, 9 through 11, 15 through 20, 22 and 23, and concurrently on counts 4 through 6, and 12 through 14." Barragan adds: "All consecutive sentences … were based on violations of section 288, subdivision (a)." Barragan contends: "The court and parties appear to have assumed, as the Probation Office appeared to assume, [that] consecutive sentencing on th[e]se counts was mandatory because of the section 667.61 multiple victim allegation."

Barragan points to section 667.61, subdivision (i). Section 667.61, subdivision (i) provides: "For any offense specified in paragraphs (1) to (7), inclusive, of subdivision (c), or in paragraphs (1) to (6), inclusive, of subdivision (n), the court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6." Barragan notes that "Section 288, subdivision (a) is not an offense enumerated in paragraphs (1) through (7) of section 667.61, subdivision (c), nor an offense enumerated in paragraphs (1) though (6) of subdivision (n)."

Barragan cites *People v. Valdez* (2011) 193 Cal.App.4th 1515, 1524, which explains that section 667.61, subdivision (i), "by implication leaves the decision to

4.

impose consecutive or concurrent terms" for unenumerated offenses such as section 288, subdivision (a) offenses, "to the sentencing court's discretion under section 669." Barragan also cites *People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479-1480, which clarifies that in the absence of "an express provision depriving the trial court of the discretion afforded to it in section 669," the trial court has the "discretion to choose between concurrent and consecutive sentences." Barragan concludes: "Because the court was unaware of its discretion to impose concurrent sentences under section 667.61, subdivision (i), these sentences must be reversed, and the matter remanded for resentencing."

The People respond that Barragan's argument is not supported by the record and amounts to "pure speculation." The People note "the court made no mention of section 667.61 at sentencing." We agree that Barragan's argument is not supported by the record.

### C.     The Probation Report

The probation report addressed the "criteria affecting concurrent [or] consecutive sentences." (Some capitalization omitted.) In listing general criteria, the probation report observed, inter alia, that under "Section 667.6(c) a full, separate, and consecutive term *may* be imposed for each violation of an offense if the crime involves the same victim."[3] (Italics added.) In its "ANALYSIS" section, the probation report noted: "Although there are factors in mitigation that apply to this case, specifically the lack of prior criminal

---

[3] Section 667.6, subdivision (c) provides: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term *may* be imposed for each violation of an offense specified in subdivision (e) *if the crimes involve the same victim on the same occasion.* A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e)." (Italics added.) Section 667.6, subdivision (d) mandates full consecutive terms for subdivision (e) offenses where "the crimes involve separate victims or involve the same victim on separate occasions." Section 288, subdivision (a) is not an enumerated subdivision (e) offense.

record, the law mandates a minimum of 15 years to life in 22 out of Mr. Barragan's 23 convictions. Probation opines some of the charges indicate a single period of aberrant behavior. Therefore, Probation will be recommending they be stayed pursuant to [section 654]. As to Count 21, Probation will be recommending the middle term of two (2) years."

As noted, the probation officer recommended a determinate middle term sentence of two years on count 21. The probation officer indicated the remaining counts were subject to indeterminate terms of 15 years to life. (See § 667.61, subds. (c)(8), (e)(4).) The probation officer recommended consecutive 15 years to life terms on counts 1-3, 7, 9-11, 15-20, and 22-23 (the court eventually imposed consecutive sentences on these counts, engendering the present appeal). With regard to counts 4-6, 8, and 12-14, the probation officer recommended staying the 15 years to life terms pursuant to section 654.

### D.     The Sentencing Hearing

At Barragan's sentencing hearing, the prosecutor preliminarily stated to the court: "I think that probation's report is pretty clear in the sense that for the counts, that essentially, consecutive sentencing – there's not much wiggle room in terms of discretion based on the special allegation under one strike that the defendant was convicted on."

Thereafter, with regard to counts 4-6, 8, and 12-14 (not at issue on appeal), the court noted: "I've read and considered the probation report. The way I read probation's recommendation, it seems to me to be based on a misunderstanding between 654 and whether sentencing should go concurrent or consecutive. [¶] I didn't interpret these convictions to be 654 to each other, but there's certainly an argument to be made that some of these counts can and should run concurrent to each other. [¶] So more or less what I'm saying is I'm inclined to follow probation's ultimate recommendation but not stay terms pursuant to Penal Code Section 654 but, rather, just impose them and run them concurrent."

6.

Defense counsel submitted "based on the report." The prosecutor made an additional comment, before reading victim impact statements, as follows: "I agree with what the court is saying in terms of 654 versus concurrent versus consecutive sentencing in the terms of one period of – of conduct."

The court concluded: "As I said earlier, what I will do is follow probation's ultimate recommendation. I'm not staying any of these terms as they recommend for 654. I'm just ordering them to run concurrent." The court then imposed sentence.

### E. *Analysis*

In sentencing Barragan, the trial court emphasized it would follow the probation officer's *ultimate* recommendation. At the same time, the court's comments made clear that it did not adopt the probation officer's *reasoning* as to specific sentencing recommendations. Similarly, there is no indication the court unquestioningly relied on any comments made by the prosecutor.

Barragan argues the court improperly sentenced him to consecutive 15 years to life terms on counts 1-3, 7, 9-11, 15-20, and 22-23 under section 667.61, subdivisions (c)(1)-(7), (n)(1)-(6) and section 667.6, subdivision (e), despite the fact that these provisions do not encompass or apply to section 288, subdivision (a) offenses. Barragan argues the court did not understand (1) that these provisions of section 667.61 were inapplicable, and (2) that, as to section 288, subdivision (a) offenses, it retained the discretion to sentence him to either consecutive or concurrent terms under section 669.

We are not persuaded. The trial court did not mention sections 667.61 or 667.6 in imposing consecutive sentences on some counts and concurrent sentences on other counts. Nor did the court attempt to parse the facts underlying the relevant convictions to ascertain the applicability of these provisions in the context of consecutive or concurrent sentences. On the contrary, the record indicates the court was well aware of the proper

7.

scope of its sentencing discretion under section 669 and sentenced Barragan in accordance with the latter provision.[4]

## **DISPOSITION**

The judgment is affirmed.


                                                          SMITH, J.

WE CONCUR:


FRANSON, Acting P. J.


DE SANTOS, J.

---

**4** The People argue, in the alternative, that Barragan forfeited his sentencing claim on appeal because he did not make a relevant objection in the trial court. We need not address the forfeiture contention advanced by the People as our disposition has rendered it moot.